**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   LORI BUCCOLO,

                                                           Chapter 13
                                                           Case No. 05-30789  (RTL)

        Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - -X

LORI BUCCOLO,                                           Adv. Pro. No. 05-02819 (RTL)

        Plaintiff,

v.

BRUCE BUCCOLO,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - X

## **OPINION**

**APPEARANCES:**

**John J. Scura III, Esq.**
**Joseph Reilly, Esq.**
Scura, Mealy, Scura & Stack, LLP
Attorney for Plaintiff/Debtor, Lori Buccolo

**Edward A. Berger, Esq.**
Attorney for Defendant, Bruce Buccolo

**Howard Schmidt, Esq.**
Attorney for Chapter 13 Trustee, Michael B. Kaplan

**RAYMOND T. LYONS, U.S.B.J.**

In this adversary proceeding, the Plaintiff/Debtor, Lori Buccolo, seeks injunctive relief compelling Defendant, estranged husband, Bruce Buccolo, to cooperate with the realtor's efforts, or vacate the former marital home so that she may proceed with a sale of the asset. Bruce Buccolo seeks relief from the automatic stay, so that he may proceed in state court for equitable distribution of the marital property.

The marital home is titled solely in the name of the Debtor, Lori Buccolo, and therefore is property of the estate. 11 U.S.C. §541. Pursuant to 11 U.S.C. §362(a)(3), the automatic stay applies to Bruce Buccolo's state court action for equitable distribution in kind, insofar as the property in question is property of the estate.[1] Under state law, the right to equitable distribution does not arise until entry of a judgment of divorce. There was no entry of divorce prior to Ms. Buccolo's bankruptcy filing. Accordingly, the trustee, as a hypothetical judgment lien creditor, has a superior interest to Mr. Buccolo's pending action for equitable distribution of estate property. The motion for relief from the automatic stay is denied. The motion for injunctive relief is granted.

## JURISDICTION

This court has jurisdiction of this adversary proceeding under 28 U.S.C. §1334(b), 28 U.S.C.

---

[1] Mr. Buccolo may seek equitable distribution of marital property that is not property of the estate, including property titled in his name, exempt property, property abandoned by the trustee, or debtor surplus. *See In re Howell*, 311 B.R. 173, 174 (Bankr.D.N.J.1992). While Mr. Buccolo may not seek equitable distribution in-kind of estate property, he may seek a determination for a monetary reward reflecting the equivalent value. *Howell*, 311 B.R. at 179. This monetary equivalent however would be treated as a post-petition claim. *Id.* at 179. Such claims do not share in the distribution of the estate pursuant to §726. *Id.* at n.7. ("[p]ursuant to 502(b) of the Bankruptcy Code, the court shall determine the amount of a claim as of the date of the filing of the petition. Post petition claims are not allowable.").

§157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings arising under Title 11 of the United States Code to the bankruptcy court. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(G), motions to terminate, annul, or modify the automatic stay, 28 U.S.C. §157(b)(2)(O), for other proceedings affecting the liquidation of the assets of the estate, and 11 U.S.C §105(a) for the court to enforce its own orders.

## FINDINGS OF FACT

Debtor, Lori Buccolo, and Bruce Buccolo married on November 8, 1998. In April, 2000, both individuals contributed $50,000.00 for the purchase of land on which to build their marital home. Title to the property was taken solely in the name of Lori Buccolo, with an understanding, memorialized in writing, that Mr. Buccolo had a fifty percent ownership interest in the real property.[2] Title to the property has at all times remained in the name of Lori Buccolo. Once ready to build on the property, Mr. Buccolo hired the contractor, while personally overseeing and contributing to the construction of the marital home. The house was completed and both parties lived there, along with their son. Lori Buccolo eventually moved out of the marital home and later filed for divorce. Bruce Buccolo continues to reside in the home.

On June 24, 2005, Lori Buccolo filed for bankruptcy. The matrimonial action in the state court

---

[2] This unrecorded agreement memorializing Mr. Buccolo's interest in the property suggests a scheme to defraud creditors, although this court makes no findings in that regard. The decision to put title in the sole name of Lori Buccolo was motivated by the fact that Bruce Buccolo had his own business and business creditors at the time of the purchase. Placing record title in Lori's name alone, while having an unrecorded, written acknowledgment of Bruce's fifty percent interest, would conceal his asset from his creditors.

was stayed because of the bankruptcy filing. At the time of filing, no final judgment of divorce or distribution of the marital assets had been entered.

On her schedule of assets, Lori Buccolo listed as her primary asset a fee simple in the marital residence, valued at $850,000.00. The residence is the subject of two separate sheriff sales, scheduled by a mortgage holder and a judgment creditor.

On July 28, 2005, the court issued an order authorizing the retention of a real estate broker so that Ms. Buccolo could proceed with the sale of the property in order to fund a 100% plan to creditors. At the time of the issuance of the order, the non-debtor estranged spouse was living in the marital home, and to this time continues to reside there. Ms. Buccolo claims that her estranged husband's refusal to cooperate or vacate the premises is preventing the marketing and sale of the property and seeks injunctive relief to compel Mr. Buccolo to cooperate in order that the property be sold.

In his moving papers, Mr. Buccolo urges this court grant relief from the automatic stay so that the state court may determine his rights to the marital home as a part of an in-kind distribution of the marital property. Mr. Buccolo argues the bankruptcy proceedings should await the judgment of the state court, believing the state court judge will award him the marital home, consequently exempting the home from the bankruptcy estate.

## DISCUSSION

**Stay Relief**

A reoccurring issue in bankruptcy/matrimonial cases is timing. Upon filing of a petition, §362 of the Bankruptcy Code automatically stays any proceedings against the debtor. Additionally, at the moment of filing a bankruptcy petition the trustee is given superior rights as a hypothetical lien judgment

creditor under §544(a)(1). In order for a claim to survive the trustee's strong arm powers, the moving party must show a right to the property before commencement of the bankruptcy case. In New Jersey, pursuant to N.J.S.A. §2A:34-23, the right to equitable distribution does not arise until the entry of the judgment of divorce. *In re Howell*, 311 B.R. 173, 176 (Bankr.D.N.J. 2004), *citing In re Berlingeri*, 246 B.R. 196 (Bankr.D.N.J.2000); *Carr v. Carr*, 120 N.J. 336, 576 A.2d 872 (1990). The prospective right to equitable distribution is not an interest that can defeat the superior rights of a trustee in bankruptcy. New Jersey case law enunciates these propositions.

*In re Becker* presented a situation with timing issues similar to the case at hand. 136 B.R. 113 (Bankr.D.N.J.1992). There, Joan Becker filed a divorce complaint, seeking equitable distribution of jointly owned property. *Becker*, 136 B.R. at 115. But before judgment was entered, her estranged husband filed a bankruptcy petition. *Id*. Filing of the petition determined the trustee's status in relation to the non-debtor's claim. Bankruptcy Judge, Stephen A. Stripp recognized that while N.J.S.A. §2A:34-23 authorizes the state court to make equitable distribution of property acquired by either or both spouses during marriage, transfers of any property interest pursuant to the distribution scheme are subject to existing liens. *Id*. at 118, *citing Freda v. Commercial Trust Co.*, 118 N.J. 36, 46, 570 A.2d 409, 414 (1990). Because §544(a)(1) of the code gives the bankruptcy trustee the rights of a hypothetical judgment lien creditor as of the moment of filing, the filing of the petition "is the legal equivalent of a levy by the trustee upon all of the debtor's property as of the petition date." *Becker*, 136 B.R. at 118. Accordingly, any equitable distribution that may occur post-petition, would be subject to, and defeated by, the hypothetical lien judgment creditor status the trustee assumed on the date of filing. *Id*. ("equitable distribution cannot alter a bankruptcy estate's rights in property in which

the debtor had an interest on the petition date, whether jointly owned or otherwise").

A second opinion by Judge Stripp restated the principles explained in *Becker*. *In re Lawrence*, 237 B.R. 61 (Bankr.D.N.J.1999). *Lawrence* further explained the significance legal title has in divorce proceedings as compared to other proceedings. *Lawrence*, 237 B.R. at 78. The principles of equitable distribution are based on the assumption that each party contributed substantially to the marriage, regardless of whether the contribution was monetary or not. *Id*. Therefore, as between husband and wife, little or no significance is accorded to which party holds legal title in the marital property. *Id.* However, legal title becomes very significant where a creditor of the title holder secures a judicial lien on the property prior to a judgment of divorce. *Id.* Where the judgment creditor's rights arise before judgment of divorce, the judgment creditor's rights in the property are superior. *Id*. at 78-79. Conversely, if the judgment of divorce is entered prior to the creation of a creditor's lien against the title, the lien will not attach to the interest of the other spouse. *Id.* at 79.

Legal title, therefore, is also very significant where a bankruptcy petition is filed before there has been a judgment for divorce. Section 544(a)(1) gives the trustee, at the moment of the bankruptcy filing, the status of a judgment creditor who levies on a debtor's property. The trustee, therefore, is afforded superior rights in property titled in the debtor's name. As stated by the *Lawrence* court: "[w]here...a bankruptcy petition of a spouse holding legal title to marital property precedes a divorce judgment distributing such property, the rights of the other spouse not sharing legal title are inferior to those of the title holder's trustee." *Lawrence*, 237 B.R. at 79.

A similar result was reached in this court in *In re Howell*, 311 B.R.173 (Bankr.D.N.J. 2004). There, the parties held the marital residence by tenancy of the entireties; Ms. Howell filed for divorce,

6

but before judgment of divorce was entered, Mr. Howell filed a bankruptcy petition. *Howell*, 311 B.R. at 174-75.  Relying on the case law enunciated by Judge Stripp, this court found that property of the estate, which includes the jointly owned marital home, was protected by the automatic stay under §362(a)(3), and subject to the superior rights of the trustee by virtue of his status as hypothetical lien judgment creditor pursuant to §544(a)(1). *Id.* at 179.  Ms. Howell was denied relief from the automatic stay to the extent she was seeking equitable distribution in-kind of property of the estate. *Id.* at 179-80.

In the case at hand, the outcome should be clear.  The marital home is titled solely in the name of Lori Buccolo.  Bruce Buccolo only wants an equitable distribution of the real property. No final judgment of divorce was entered before the bankruptcy filing.  Outside bankruptcy, where a judgment creditor's rights attach to property before judgment of divorce, the judgment creditor's rights are superior.  Once a bankruptcy petition is filed, the trustee is afforded the status of a judgment creditor.  If a bankruptcy filing proceeds a judgment of divorce, the trustee's rights are superior to that of the non-debtor spouse.  Mr. Buccolo's proposal to exercise control over property of the estate is stayed by §362(a)(3) and no cause has been provided for relief.

The unrecorded letter evidencing an intent of the parties to co-own the property is not sufficient to give notice of that agreement and therefore cannot defeat the superior status the trustee acquires by virtue of §544(a).  Pursuant to that section, as of the filing of the bankruptcy petition, a trustee or debtor in possession takes the status of a hypothetical levying judgment creditor and bona fide purchaser and consequently can avoid instruments that could be defeated under state law. *In re L.D. Patella Construction Corp.*, 114 B.R. 53, 58 (Bankr.D.N.J.1990).  Under N.J.S.A. § 46:22-1, where an

equitable interest is created by a recordable instrument, that instrument must be recorded in order to be valid against subsequent judgment creditors or bona fide purchasers without notice. *See also Patella*, 114 B.R. at 58. N.J.S.A. § 46:16-1 provides a non-exclusive list of recordable instruments that states, in pertinent part: "[a]ll deeds or instruments...of or effecting the title to real estate...may be acknowledged or proved and then recorded." A letter that purports to acknowledge a fifty percent ownership interest is certainly an instrument that effects title to real estate and therefore should be considered a "recordable instrument." Without recording such a letter, subsequent judgment creditors and bona fide purchasers would not know of its existence and could therefore defeat such an interest. N.J.S.A. 46:22-1.[3] Since a trustee acquires the status of a subsequent judgment creditor and bona fide purchaser, the trustee may also defeat an unrecorded ownership interest.

**Injunctive Relief**

Debtor seeks an order compelling her estranged husband to cooperate in the marketing and sale of the marital property or, alternatively, an order providing for the eviction of Bruce Buccolo from

---

[3]N.J.S.A §46:22-1 provides:

> Every deed or instrument of the nature or description set forth in section 46:16-1 of this title shall, until duly recorded or lodged for record...be void and of no effect against subsequent judgment creditors without notice, and against all subsequent bona fide purchasers and mortgagees for valuable consideration, not having notice thereof, whose deed shall have been first duly recorded or whose mortgage shall have been first duly recorded or registered; but any such deed or instrument shall be valid and operative, although not recorded, exept as against subsequent judgment creditors, purchasers and mortgagees.

the property. Debtor seeks this relief pursuant to the equitable provisions of 11 U.S.C. §105(a). The broad language of §105(a) reads as follows: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Section 363(b)(1) of the Bankruptcy Code provides that a trustee, or a debtor-in-possession by virtue of 11 U.S.C. §1303, "may use, sell, or lease, other than in the ordinary course of business, property of the estate." The equitable provisions of §105(a) may therefore be used to carry out the provision of the Code that allows the debtor to sell property of the estate. *See In re Allegheny Health Educ. and Research Foundation*, 265 B.R. 88 (Bankr.W.D.Pa. 2001), *subsequently aff'd in part, rev'd in part on other grounds*, 383 F.3d 169 (3d Cir. 2004) (bankruptcy court had core subject matter jurisdiction to enforce its own orders, where those orders involved the sale of assets of the estate).

In order to determine whether injunctive relief is appropriate in this factual setting, the court must determine whether the Debtor has demonstrated the following four requirements: (1) substantial likelihood of success on the merits; (2) irreparable harm to the movant if the requested relief is denied; (3) harm to the movant outweighs any harm to the non-movant; and (4) granting the injunctive relief would not violate the public interest. Bankruptcy Rule 7065 and Fed.R.Civ.P. 65; *see In re Wedgewood Realty Group, Ltd.*, 878 F.2d 693 (3d Cir. 1989). Taking each requirement in turn, it becomes evident that the Debtor has sufficiently explained why injunctive relief is appropriate.

As previously explained, the Debtor's likelihood of success on the merits is great. Ms. Buccolo is the title holder to the marital property. Before a final judgment in the divorce proceeding was reached, the bankruptcy petition was filed. The filing of the petition stayed any action for equitable

9

distribution and simultaneously gave the trustee the status of a hypothetical judgment lien creditor. Since the bankruptcy filing preceded the judgment for divorce, the right of the spouse not holding legal title was inferior to the right of the trustee. Having determined the trustee's rights in the property, a sale of the asset will be allowed pursuant to §363(b)(1).

In terms of irreparable harm to the debtor, if Ms. Buccolo cannot sell the property, she will not be able to fund her plan and satisfy the claims of creditors. If the creditors are not paid and a foreclosure is allowed to go forward, Ms. Buccolo and her unsecured creditors will lose the equity in the property.

The benefit of proceeding with the sale of the property outweighs any potential prejudice to the defendant. The only thing being required of Mr. Buccolo is his cooperation with the real estate agent so that the property may be marketed and sold. Mr. Buccolo has had sufficient time to secure alternate housing. This burden is significantly outweighed by the benefit the estate and creditors will receive by proceeding with a sale to fund a 100% plan to creditors.

Finally, granting the requested relief would not violate public policy. Consistent with the goals of bankruptcy, public policy would be furthered by facilitating a successful reorganization that would get money to creditors and allow the debtor a fresh start.

Injunctive relief is appropriate here in order to compel Mr. Buccolo to cooperate so that the property may be marketed and sold pursuant to the court's order of July 28, 2005.

## CONCLUSION

The right of equitable distribution does not arise until a judgment of divorce is entered. Therefore, where a debtor's bankruptcy filing precedes entry of a judgment of divorce, the non-debtor

spouse merely has a claim for equitable distribution, but does not have the status of a judgment creditor. Accordingly, the trustee's strong arm powers are superior to merely an equitable distribution claim by the non-debtor spouse. Bruce Buccolo's motion for relief from the automatic stay to pursue equitable distribution in-kind is denied as it relates to property of the estate. Lori Buccolo's motion for injunctive relief is granted so that administration of the estate is not hindered.

Dated: January 11, 2006                                             **/S/Raymond T. Lyons**
                                                                    United States Bankruptcy Judge